Joseph W. Cribb, S.
William B. Charles, Jr., died January 14, 1965, leaving a will which named Hon. Austin W. Erwin of Geneseo, New York, as executor, and the Genesee National Bank and Trust Company of Geneseo as trustee of a trust, the corpus of which was one half of the testator’s residuary estate after being reduced by a $2,000 cash legacy to testator’s son William *1079 B. Charles, III. The other full one half of the testator’s residuary estate was given to the Central Presbyterian Church of G-eneseo, Mew York. The will was duly admitted to probate by the Surrogate’s Court of the County of Livingston on the 23rd day of March, 1965 and letters testamentary were thereafter issned thereon.
The said Hon. Austin W. Erwin died on the 14th day of August, 1965.
There arc now before this court two petitions for letters of administration with the will annexed, one filed by Mark F. Welch as a creditor and as attorney for the estate requesting the appointment of some suitable person, and the other filed by William B. Charles, III, as sole surviving distributee of the deceased demanding his appointment as administrator with the will annexed. The question to be decided is whether the church, the said bank or the said William B. Charles, III, is entitled to letters.
Subdivision 2 of section 133 of the Surrogate’s Court Act provides that letters of administration with the will annexed must be granted ‘ ‘ To one or more of the residuary beneficiaries or, if any be dead, to his executor or administrator This same section by the second paragraph of subdivision 4 thereof provides that a corporation which is a residuary legatee may act as administrator with the will annexed although not specially authorized by its charter or by any provision of law.
In the instant case the said church receives a full one half of the residuary estate and the said bank receives the other one half of the residuary estate after its one half has been reduced by a cash legacy to petitioner William B, Charles, III, in the sum of $2,000. Hence the portion which the bank as trustee receives is smaller than the full one half of the residue bequeathed to the said church. It has been said that it was the intention of the Legislature for letters to be granted ‘ ‘ to the person having the greatest pecuniary interest in the decedent’s estate”. (Matter of Breitenbach, 207 Misc. 516, 517.) Thus, as between the bank and William B. Charles, III, the bank as trustee would have a much larger interest than the said William B. Charles, III, and as between the two it would thus be entitled to letters. It has further been held, however, that the beneficiary of a trust is entitled to letters in preference to the trustee, as the beneficiary or beneficiaries are the parties really interested in the residue of the estate. (2 Warren’s Heaton, Surrogates’ Court [6th ed,], § 197, par. 10.) In the instant case the beneficiaries of the trust are infants so letters could not be issued to them anyway.
*1080 Under the circumstances of this case I am constrained to hold that the Central Presbyterian Church of G-eneseo, New York, as the residuary legatee having the largest pecuniary interest is entitled to be granted letters of administration with the will annexed upon the estate of the deceased, and such letters will, therefore, be granted herein to said Central Presbyterian Church of Ceneseo, New York.