Matter of Jakubczak (2024 NY Slip Op 50264(U))

[*1]

Matter of Jakubczak

2024 NY Slip Op 50264(U)

Decided on March 14, 2024

Surrogate's Court, Erie County

Mosey, S.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 14, 2024
Surrogate's Court, Erie County

In the Matter of the Estate of Dolores Jakubczak, Deceased.

File No. 2023-5050

Fenster Lewis & Good LLC 
David D. Fenster, Esq., Applicant

Acea M. Mosey, S.

Decedent died on June 17, 2023, survived solely by her granddaughter, Crystal L. Stachowski [hereafter, Crystal], the only child of decedent's predeceased daughter, Deborah Stachowski. Decedent's Will, dated July 17, 2014, provides that decedent's entire estate is to be distributed " to the trustee of the Dolores Jakubczak Revocable Trust [dated July 17, 2014]". Key Bank National Association [hereafter, Key Bank] was nominated as executor of her estate in Will, and decedent's attorney, David D. Fenster, Esq.[hereafter, Fenster], was designated as successor trustee of the inter vivos trust (upon decedent's death or resignation as original trustee).
An application has now been filed by Fenster, dated November 6, 2023, in which Fenster seeks to become voluntary administrator of decedent's estate (Key Bank having renounced its fiduciary appointment). For the reasons which briefly follow, Fenster's application must be denied.
SCPA 1303 (b) provides that, when a person dies with a Will, the nominated executor under that Will has priority to serve as voluntary administrator of the estate. If the nominated executor fails to seek such appointment — or, as here, renounces — "any adult person who would be entitled to petition for letters of administration with will annexed [CTA] under section 1418 of this chapter may file the required affidavit and have the right to serve as voluntary administrator" (id.).
Under SCPA 1418, the court "must" issue letters of administration CTA in the priority established by that statute. As relevant here, SCPA 1418 (1)(a) gives priority to the "sole beneficiary" under a decedent's Will. Fenster's application recognizes that priority: "The sole beneficiary under the Will is '(The) Dolores Jakubczak Revocable Trust.' I am the Successor Trustee of the Trust. Inder SCPA 1418, as Trustee of the sole beneficiary, I am eligible to serve as Administrator c.t.a.;therefore, under SCPA 1303 (b), I am also eligible to serve as the Voluntary Administrator."
Since the application by Fenster was filed with the court, his office has informally advised that Crystal, decedent's sole distributee and the principal beneficiary under decedent's trust, would be willing to act as voluntary administrator of this estate but that it was uncertain [*2]whether such an appointment could properly be made.
In Matter of Breitenbach, 207 Misc 516, 517 [1955], a probate case where the nominated fiduciary was deceased, the Court determined that "where the residuary estate is held in trust, the beneficiary of the trust is entitled to letters of administration with the will annexed in preference to his trustee" (emphasis added). Similarly, in Matter of Charles, 50 Misc 2d 1078, 1079 [1966], a case similar to Breitenbach, the Court pointed out "that the beneficiary of a trust is entitled to letters in preference to the trustee, as the beneficiary or beneficiaries are the parties really interested in the residue of the estate" (emphasis added).
Applying the foregoing principles to the case now before me, I find that Crystal is the party actually interested in the residue of the estate which passes to the trust of which she is the principal beneficiary. That being so, she, rather than trustee Fenster, is the person who would be entitled to letters of administration CTA, and, as such, she is entitled to act as voluntary administrator of decedent's estate.
Accordingly, and although I expressly find that Fenster's application was made in good faith and with no attempt to circumvent Crystal, I hereby deny Fenster's application to become voluntary administrator of this estate, without prejudice to Crystal's filing an application hereafter to become fiduciary of decedent's estate (whether as voluntary administrator or otherwise).
DATED: March 14, 2024
BUFFALO, NEW YORK
HON. ACEA M. MOSEY
Surrogate Judge